## MOONEY vs. WILLIAMS.

1. The date at the head of an account, in a justice's court, does not preclude the plaintiff from proving the time when the various items accrued. It does not pre-suppose the entire indebtedness to have accrued prior to that time. Such a rigid construction of the accounts of illiterate men would tend to prevent justice.

2. In proceedings in cases arising before justices of the peace, much liberality is allowed, in construing the acts of the parties, as well as of the justices themselves.

## APPEAL from Texas Circuit Court.

Ryland, J., delivered the opinion of the court.

James Mooney sued Andrew J. Williams before a justice of the peace, in Texas county, in which an appeal was taken to the circuit court of said county.

In June, 1848, at the regular term of the circuit court, the appeal came on to be tried. The plaintiff claimed upon the following account, which I here copy:

"February 1st, 1845.

Andrew J. Williams to James Mooney, Dr.

| | |
|---|---|
| To eight months' board at one dollar per week - - | $34 00 |
| Keeping and feeding one horse called Wild Jim, 12 months at one dollar per week. - - - - - - - | 52 00 |
| Paid to Jackson Brunner for shoeing Wild Jim - - - | 2 00 |
| Three months' labor keeping Wild Jim in the season of 1845, | 30 00 |
| Paid to John Wilson for shoeing Wild Jim in 1845, - - | 1 50 |
| Paid to Bates & Bennett for 1 pair of shoes for Williams, | 1 38 |
| Paid one dollar and forty cents cash, - - - - | 1 40 |
| Paid to Smiley for shoeing Wild Jim, - - - - - | 2 00 |
| Paid C. H. Frost Williams' taxes, - - - - - | 2 25 |
| One Cirsingle, - - - - - - - - - | 75 |
| | $127 28 |

| | |
|---|---|
| Due on the above account - - - - - - | $69 78 |
| Rec'd on the above account, - - - - - | $57 50 |

The plaintiff then offered to prove the items in this account, but the court refused to let him give any evidence to the jury of any item in the account, that accrued after the date as stated at the head of the account, (viz:) the 1st day of February, 1845, and confined his evi-

dence to transactions prior to that date; and instructed the jury to disregard any evidence of any items accruing after that date. Holding, the plaintiff concluded by his date at the head of his account.

The plaintiff thereupon took a non-suit; moved afterwards to set it aside, which motion was overruled, and excepted to, bill of exceptions filed and the case comes here by appeal.

The only question for our consideration, arises on the ruling of the court in rejecting evidence of any item in the plaintiff's account accruing after 1st day of February, 1845.

In this we think the court erred. We do not hold that the date of the account at the head concludes the plaintiff from proving the time when the various items accrued. Nor do we think that date pre-supposes the entire indebtedness to have accrued prior to that time. One item in the account itself amounting to $30, is for three months' labor in keeping the horse in the season of 1845, and clearly shows that it was not the plaintiff's understanding that his whole account was due on the 1st day of February, 1845.

It is rather to be supposed it was placed there to keep him from going behind that date, placed there to show the beginning instead of the end, and not to mark the accruing of any one item in the account. However, this may be, the court erred in not permitting him to prove his account, irrespective of the date at the head. Such rigid construction of the accounts of illiterate men would tend to subvert justice. Plain, honest but awkward men are not skilled in making out accounts with mercantile exactitude. In proceedings in cases arising before justices of the peace, much liberality is allowed in construing the acts of the parties as well as of the justices themselves.

The other judges concurring, the judgment below is reversed and this cause remanded, to be proceeded with further in accordance with this opinion.